UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE ROSS                                               PLAINTIFF

V.                                         CIVIL ACTION NO. 3:25-CV-109-KHJ-MTP

JAMES CHRISTOPHER WALKER                                           DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [7] Report and Recommendation. The [7] Report recommends dismissing pro se Plaintiff Kimberly Monique Ross's claims against Defendant James Christopher Walker—a Madison County chancellor—with prejudice because judicial immunity and 42 U.S.C. § 1983 bar this suit. [7] at 1, 5–7; *see also* Compl. [1] at 7. For the reasons stated below, the Court adopts the [7] Report and dismisses Ross's [1] Complaint with prejudice.[1]

I.  Background

This is a Section 1983 action for alleged constitutional violations that occurred in a Madison County Chancery Court case. *See* [1] at 1–5; *see also Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). Ross "has never had a case before [Chancellor] Walker." Obj. [8] at 2. But her "companion," Azalea Christian, has a child custody and divorce case in Chancellor Walker's court. [1] at 1–2. According to Ross—who has a separate child custody case of her own in Hinds

---

[1] The Court likewise denies as moot Ross's [9] Motion to Clarify and [10] Motion to Schedule Hearing.

County Chancery Court—she and Christian once shared an attorney, Bradley Clanton. *See* [1] at 1–2; [8] at 3. In June 2023, Clanton allegedly failed to attend three scheduled hearings in Christian's case before Chancellor Walker. [1] at 2; [8] at 3. By Ross's telling, this caused Chancellor Walker to "initiate[] a series of retaliatory actions against" her and Christian. [1] at 2; *see also id.* at 3 (claiming that Chancellor Walker also retaliated against Ross for "exercising her right to file complaints against him with the Mississippi Judicial Performance Commission").

First, Ross accuses Chancellor Walker of engaging in "improper and unlawful ex [p]arte communications" with Clanton about her and Christian's cases. [1] at 1–2; *see also* [8] at 3–4. She claims that Clanton told Chancellor Walker "damaging information" about her and Christian "in exchange for not being held in contempt" after missing the scheduled hearings. [1] at 1–2; *see also* [8] at 3–4. Second, Ross complains that Chancellor Walker issued a restraining order against her and then amended the order to prohibit Christian from allowing her child near Ross. [1] at 2–3; [8] at 2. Specifically, she protests that Chancellor Walker "acted with bias" and did not provide "an opportunity for [her] to present evidence or testimony." [1] at 2–3; *see also* [8] at 2.

Third, Ross alleges that Chancellor Walker defamed her and made "racially charged remarks" referring to her as "Jim Jones." [1] at 3; *see* [8] at 2.[2] And fourth, Ross asserts that Chancellor Walker "interfered with" her "ability to serve as a

---

[2] Ross does not explain in her [1] Complaint or [8] Objection how a reference to "Jim Jones" implicates race. *See also* [7] at 2 n.2.

2

character witness" in Christian's case "by unlawfully intimidating [Ross], forcing her to testify against her will, and further punishing her for exercising her legal rights." [1] at 3; *see also* [8] at 2 (complaining that Chancellor Walker inquired into Ross's "personal life, including her whereabouts, employment, and relationship status," during her testimony).

In February 2025, Ross sued Chancellor Walker, asserting claims for First, Fifth, and Fourteenth Amendment violations, judicial misconduct under Mississippi law, slander, and retaliation. [1] at 4–5. From this Court, she seeks an order (1) prohibiting Chancellor Walker from contacting her, (2) prohibiting him from talking about her, (3) lifting all orders he issued against her, (4) prohibiting him from retaliating against her, (5) requiring him to issue her a formal written and verbal apology, (6) removing him from his judicial position, (7) disbarring him, and (8) awarding her $550,000 in damages. *Id.* at 5. Shortly after suing, Ross also moved for leave to proceed *in forma pauperis*, which the Court granted. *See* IFP Mot. [2]; Order [6]; *see also* 28 U.S.C. § 1915(a)(1).

After screening Ross's [1] Complaint, the Magistrate Judge recommended dismissing this case with prejudice under Section 1915(e)(2)(B)(ii) and (iii) "for failure to state a claim on which relief may be granted and for seeking relief against a [d]efendant who is immune from such relief." [7] at 1, 3. The [7] Report concluded that judicial immunity and Section 1983 bar Ross's claims against Chancellor Walker. [7] at 3–6. In response, Ross filed a timely [8] Objection, in which she restated her original allegations and added several more. *See* [8]. In particular, she

3

lists four more grievances with Chancellor Walker's judicial decisions: (1) that he "used [her] as an unsubstantiated reason for his decisions"; (2) that he failed to acknowledge that a party in Christian's case had assaulted Ross; (3) that he "improperly entertained hearsay arguments from opposing counsel" in Christian's case; (4) and that he "permitted falsified documentation as evidence . . . ." [8] at 3–4.

II.   Standard

When no party timely objects to a magistrate judge's report, the district court applies "the 'clearly erroneous, abuse of discretion[,] and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). But when a party objects to portions of the report, the district court must review those portions de novo. 28 U.S.C. § 636(b)(1). Even so, courts need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely reurging arguments contained in" previous filings. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

III.   Analysis

In adopting the [7] Report, the Court overrules Ross's [8] Objection, finding that judicial immunity and Section 1983 bar Ross's claims. Ross's [8] Objection mostly fails to address whether any of her claims can fit into one of the exceptions

4

to judicial immunity. *See* [8] at 1–5. Instead, she generally "objects to the [Magistrate Judge's recommendation of] dismissal" by restating the allegations in her [1] Complaint. *Id.* This fails to raise a genuine objection to the [7] Report. *Edmond*, 8 F.3d at 293 n.7. But Ross's [8] Objection includes four new factual allegations, and it makes one argument about "judicial overreach" that could touch on judicial immunity: Ross says "Clanton falsely represented [her] custody status, which is irrelevant to any matter before [Chancellor] Walker and *outside his judicial jurisdiction*." [8] at 3–4 (emphasis added) (citation modified). The Court liberally construes Ross's [8] Objection as arguing that Chancellor Walker acted without any jurisdiction over Christian's case when communicating with Clanton. *See id.* at 4; *see also Sause v. Bauer*, 585 U.S. 957, 960 (2018) (per curiam). So the Court reviews that issue de novo and does the same for Ross's four new allegations.

Judges generally have absolute immunity from suits for damages. *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009). Only two exceptions exist: "Judges do not receive judicial immunity for 'actions not taken in the judge's judicial capacity' or 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Diaz v. Cantu*, 123 F.4th 736, 746 (5th Cir. 2024) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)). "Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Davis*, 565 F.3d at 221. Similarly, "Section 1983 precludes injunction actions against judicial officers acting in their judicial capacity" unless "'a declaratory decree was violated or declaratory relief was

5

unavailable.'" *Whole Woman's Health v. Jackson*, 13 F.4th 434, 443–44, 444 n.12 (5th Cir. 2021) (per curiam) (quoting § 1983).

In determining whether judges have acted in their judicial capacity, courts consider

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Diaz*, 123 F.4th at 746–47 (citation modified). And when considering whether "sufficient jurisdiction [existed] for immunity purposes," courts ask only whether a judge had "some subject-matter jurisdiction." *Alexander v. Reese*, 702 F. App'x 223, 227 (5th Cir. 2017) (per curiam) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)). "[T]he scope of the judge's jurisdiction must be construed broadly . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Turning to Ross's [8] Objection, she accuses Chancellor Walker of "judicial overreach" because he "engaged in improper ex [p]arte communication" with Clanton about matters that were "outside his judicial jurisdiction." [8] at 4 (citation modified). Even if true, these facts would not establish that Chancellor Walker acted "in the complete absence of all jurisdiction." *Diaz*, 123 F.4th at 746 (citation modified). Mississippi's Constitution grants chancery courts "full jurisdiction" over divorce and child custody matters. Miss. Const. art. VI, § 159; *see also Bronk v. Hobson*, 152 So. 3d 1130, 1132 (Miss. 2014) (en banc). Ross alleges that Clanton gave damaging information to Chancellor Walker as part of Christian's child

6

custody and divorce case. *See* [8] at 3–4. Construing Chancellor Walker's jurisdiction broadly, the Court presumes that he had jurisdiction over Christian's case, and Ross has not alleged any facts to the contrary. Since Chancellor Walker had jurisdiction over Christian's case, any communications he may have had with counsel in that case did not occur in the complete absence of all jurisdiction. Ross's argument is meritless.

As for Ross's new allegations, she lodges various complaints about Chancellor Walker's adverse rulings, factfinding, and evidentiary decisions in Christian's case. *See id.* Judges sitting in equity normally issue rulings, entertain arguments, admit evidence, and find facts. *See Davis*, 565 F.3d at 222. And while Ross does not allege when or where these acts occurred, they centered on Christian's pending case before Chancellor Walker. Thus, the Court finds that Ross's new allegations pertain to judicial acts, so they cannot overcome Chancellor Walker's judicial immunity to Ross's damages claims. Neither can these allegations overcome Section 1983's bar to Ross's injunctive claims. Even liberally construed, Ross's [1] Complaint and [8] Objection do not allege any facts that indicate a declaratory decree was violated or that declaratory relief was unavailable. *See, e.g.*, *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (per curiam).

Lastly, the Court acknowledges that, generally, "a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam). "Granting leave to amend is not required, however, if the plaintiff has already pleaded [her] best case."

*Id.* at 768 (citation modified). In her [8] Objection, Ross had an opportunity to explain how she "could have overcome the deficiencies found by the" Magistrate Judge. *Id.* (citation modified). She did not do so, and she has given "no indication that [she] did not plead [her] best case" in her [1] Complaint and [8] Objection. *Id.* Thus, the Court concludes that granting leave to amend would be futile because "no viable claim is perceptible from the underlying facts asserted in [Ross's] pleadings." *Ford v. Guthrie*, 101 F. App'x 978, 979 (5th Cir. 2004) (per curiam).

\* \* \*

Having reviewed the objected-to portions of the [7] Report de novo, the Court finds the remainder neither clearly erroneous nor contrary to law. *See Wilson*, 864 F.2d at 1221. Since Ross has not overcome judicial immunity, she fails to state a claim upon which relief may be granted, *see* § 1915(e)(2)(ii), (iii), and the Court finds that her [1] Complaint should be dismissed with prejudice.

IV.  Conclusion

For the reasons stated above, the Court OVERRULES Ross's [8] Objection, ADOPTS the [7] Report, DENIES AS MOOT Ross's [9] Motion to Clarify and [10] Motion to Schedule Hearing, and DISMISSES WITH PREJUDICE Ross's [1] Complaint. In doing so, the Court has considered all the arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 13th day of June, 2025.

                                              s/ *Kristi H. Johnson*
                                         UNITED STATES DISTRICT JUDGE